[Civ. No. 19942. Third Dist. Mar. 3, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SUTTER COUNTY
JUDICIAL DISTRICT OF SUTTER COUNTY,
Defendant and Respondent;
DANIEL RUDOLPH LOPEZ, Real Party in Interest and Appellant.

COUNSEL

Isenberg, Moulds & Samuel and John F. Moulds III for Real Party in Interest and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and Shirley A. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**PARAS, J.**—Real party in interest (hereinafter defendant) appeals from a superior court order which directed the municipal court to vacate its order striking a probation report prepared for defendant's misdemeanor sentencing hearing. The sole question presented is whether the municipal court has jurisdiction to strike a probation report. The parties agree there is no direct authority on point.

Defendant was tried in municipal court and found guilty of one count of embezzlement (Pen. Code, § 504). The court referred the matter to the Sutter County Probation Department for a presentence report. After the report was submitted defendant moved to strike it for a new one. Over the People's objections the motion was granted, and a supplemental probation report was later prepared and submitted by the Sacramento County Probation Department.

The People petitioned the superior court for an extraordinary writ (certiorari, and/or prohibition and/or mandate) to compel the trial court to vacate its order. The superior court granted the petition and ordered the municipal court to vacate the portion of the order which struck the probation report. It found the issue of the supplemental report moot.

On appeal, the People argue that there is no express authority giving the municipal court jurisdiction to strike an entire probation report, that there is existing power to reject the report in part or in toto which renders the power to strike the entire report unnecessary, that *People* v. *Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 98 P.2d 473], implies that the court's power to strike a report is limited to only those portions which violate statutory or judicial rules of law, and that therefore the writ properly issued. We disagree and reverse.

It is a long established principle of law that "courts have inherent power, by summary means, to prevent frustration, abuse, or disregard of their processes." (*Neal* v. *Bank of America* (1949) 93 Cal.App.2d 678, 682 [209 P.2d 825].) In *Loser* v. *E. R. Bacon Co.* (1962) 201 Cal.App.2d 387 [20 Cal.Rptr. 221], this court upheld that principle and affirmed the power of the trial court to strike an amended complaint filed in disregard of established procedure.

The purpose of a probation report is to assist the sentencing court in determining an appropriate disposition. (*People* v. *Warner* (1978) 20 Cal.3d 678, 683 [143 Cal.Rptr. 885, 574 P.2d 1237].) The court has the unquestioned discretion to reject it in part or in toto. (*Ibid.*) There is no reason why the power to "strike" a report should not similarly fall within the discretionary province of the trial court.

The People's argument that *People* v. *Belleci, supra*, implies a limit on the court's discretionary power to strike a probation report is without merit. The *Belleci* court held that inadmissible portions of the report *must* be stricken; it does not follow that only such portions *may* be stricken. The People rely also upon *People* v. *Warren* (1959) 175 Cal. App.3d 233 [346 P.2d 64]; we do not find that case in any way helpful.

The judgment is reversed.

Regan, Acting P. J., and Blease, J., concurred.