Filed 4/30/14  In re M.C. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | B250308<br><br>(Los Angeles County<br>Super. Ct. No. PJ46943) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>M.C.,<br><br>    Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Schuit, Judge.  Affirmed in part; reversed in part and remanded.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

In a petition filed under Welfare and Institutions Code section 602, 15-year-old M.C. was charged with assault by means of force likely to produce great bodily injury (GBI) upon Shirrane Franklin (Pen. Code, § 245, subd. (a)(4)) and misdemeanor battery upon Franklin (Pen. Code, § 242).  The juvenile court sustained the petition, and appellant timely appealed.  He argues the evidence was insufficient to sustain the assault count.  He also argues the court erred in delegating to the probation department the duty to calculate precommitment custody credits.  We remand for the court to calculate custody credits, but otherwise affirm.

## FACTS AND PROCEDURE

The facts adduced at the adjudication hearing were as follows.  Franklin is a deputy probation officer at a juvenile camp.  On June 25, 2013, Franklin was standing outside a classroom at the camp supervising minors.  She felt something touch her upper thigh area and move up her leg toward her crotch.  She turned around and saw appellant was the one touching her.  She immediately told him "to take a knee."  Appellant took a step toward her and unexpectedly struck her hard in the chest with a closed fist.  Franklin was not wearing a vest or anything else protecting her chest area.  She felt like she was in shock after he struck her.  She tried to get him in an upper torso hold but could not.  Appellant was calling her "very disrespectful names," like "bitch" and the "n" word.  Franklin described the force appellant used as "pretty hard.  It was hard."  At the time, she did not check for any visible redness in the area.

The court sustained both counts of the petition and declared the assault count to be a felony.  The court committed appellant to the Division of Juvenile Justice and ordered that he could not be held in physical confinement for more than six years two months.  The court's original commitment order stated appellant's custody credits were "to be determined by [the] probation dep[artmen]t" (capitalization omitted).  The court later filed an amended commitment order that simply left the section for custody credits blank.

## STANDARD OF REVIEW

"The same standard of appellate review is applicable in considering the sufficiency of the evidence in a juvenile proceeding as in reviewing the sufficiency of the

2

evidence to support a criminal conviction. In either type of case, we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*In re Sylvester C.* (2006) 137 Cal.App.4th 601, 605, fns. omitted.)

## DISCUSSION

### 1. *Assault by Means of Force Likely to Produce GBI*

Appellant contends substantial evidence did not support assault by means of force likely to produce GBI because Franklin had no lasting injuries, and the attack was, at most, a misdemeanor crime. We disagree.

For purposes of assault by means of force likely to produce GBI, "whether the victim in fact suffers any harm is immaterial." (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028 (*Aguilar*).) Actual infliction of GBI is not an element of the offense. (*People v. Parrish* (1985) 170 Cal.App.3d 336, 343.) The offense "is not to be measured by the extent of the injuries suffered by the victim. Such injuries need not be necessarily serious." (*People v. Hahn* (1956) 147 Cal.App.2d 308, 311 (*Hahn*).) Rather, the focus is on the force used, and whether it was *likely* to cause GBI. (*Parrish, supra*, at p. 343.) GBI "means significant or substantial bodily injury or damage; it does not refer to trivial or insignificant injury or marginal harm." (*People v. Duke* (1985) 174 Cal.App.3d 296, 302.) Although actual injuries are not an element of the offense, the degree to which a victim is injured may be probative of the amount of force used. (1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Crimes Against the Person, § 37, p. 824.)

"That the use of hands or fists alone may support a conviction of assault 'by means of force likely to produce [GBI]' is well established . . . ." (*Aguilar, supra*, 16 Cal.4th at p. 1028.) A conviction "may be had where the defendant used only his fist if the circumstances of the assault and the manner of its execution warrant the jury in finding that the force used was likely to produce [GBI]." (*Hahn, supra*, 147 Cal.App.2d at p. 311.)

In the present case, substantial evidence supported the court's conclusion that appellant assaulted Franklin with force likely to produce GBI. Appellant assaulted Franklin without warning. She had no time to protect herself. The blow was hard and delivered with a closed fist to an unprotected area of the body. Appellant was acting aggressively toward Franklin, calling her disrespectful names. Though she tried, she could not subdue him alone. That she did not check for redness or suffer any injuries requiring medical attention is not dispositive. It requires no great stretch of the imagination to say that a surprise punch by an agitated individual to a vulnerable area of another's body could cause significant bodily injury. We will not reverse the juvenile court's determination.

## 2. Precommitment Custody Credits

Under section 726, subdivision (d), when a minor is adjudged a ward of the court in a juvenile delinquency proceeding, "the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." "Physical confinement" includes "placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home . . . , or in any institution operated by the Youth Authority." (*Ibid*.)

To carry out this mandate, minors must be given precommitment credit for any time they spend in physical confinement pending resolution of the charges against them. (*In re Eric J.* (1979) 25 Cal.3d 522, 536.) The juvenile court has the duty to calculate the number of custody credits earned, and the court may not delegate that duty. (*In re John H.* (1992) 3 Cal.App.4th 1109, 1111-1112.)

Appellant contends the court erred in delegating to the probation department the duty to calculate his precommitment custody credits, and we must remand for the court to calculate and set them forth in the commitment order. Respondent concedes appellant is correct. We also agree with appellant and will remand for the court to calculate his precommitment custody credits. We do not believe the record before us unequivocally

4

demonstrates the correct number of credits such that we could resolve the issue ourselves. (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 353.)

## DISPOSITION

The order sustaining the petition is affirmed.  The amended commitment order, to the extent it fails to calculate appellant's precommitment custody credits, is reversed; in all other respects, it is affirmed.  The matter is remanded to the juvenile court with directions to (1) calculate the number of precommitment custody credits appellant has earned; (2) prepare an amended commitment order reflecting such credits; and (3) forward a certified copy of the amended commitment order to the Division of Juvenile Justice.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.