Filed 4/13/15  P. v. Bernal CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO BERNAL,<br><br>    Defendant and Appellant. | H040652<br>(Monterey County<br>Super. Ct. No. SS131466A) |

Defendant Pedro Bernal pleaded nolo contendere to carrying a loaded firearm (Pen. Code, § 25850, subd. (a))[1] and to evading a police officer (Veh. Code, § 2800.2, subd. (a)).  He was denied probation and sentenced to a total term of three years four months in prison.  On appeal, he argues that the trial court abused its discretion, because it denied him probation solely because he smiled during the sentencing hearing.

We affirm the judgment.  The trial court articulated a valid reason for denying probation.  During the hearing, it stated it believed defendant would not be willing to comply with the terms of probation, a conclusion that is adequately supported by the record.  Therefore, we find no abuse of discretion and no merit in defendant's claim.

---

[1] Further unspecified statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

*The Offense*[2]

On July 23, 2013, several officers assigned to the Monterey County Joint Gang Task Force saw a car with a front license plate that was not visible and a broken center brake light traveling down a street. Officers attempted a traffic stop. At first, the car came to a complete stop nearby. However, as officers exited their car and began to approach, the car accelerated away. A chase ensued, and at some point, the car slowed down for a passenger to jump out and run away. Shortly thereafter, officers found the car abandoned but still running. A passerby informed officers that the driver of the car, defendant, was hiding behind another car. Defendant was arrested after a foot chase. A handgun was found in the car's center console, and defendant admitted to being a member of the Sureno criminal street gang when he was booked into jail.

*Procedural History*

On September 25, 2013, the Monterey County District Attorney's office filed an amended complaint charging defendant with a count of carrying a loaded firearm (§ 25850, subd. (a); count 1) with the special allegations that he was actively participating in a criminal street gang (*id*., subd. (c)(3)), that he was not the registered owner of the firearm (*id*., subd. (c)(6)), and that he committed the crime for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). He was also charged with a count of evading a police officer (Veh. Code, § 2800.2, subd. (a); count 2) with the special allegation that he committed the offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)), a count

---

[2] The factual circumstances of defendant's offenses are not relevant to the issues raised on appeal. We therefore provide only a brief recitation of the facts, which we take from the probation officer's report.

2

of street terrorism (*id*., subd. (a); count 3), and a count of resisting, delaying, or obstructing a public officer (§ 148, subd. (a)(1); count 4).

On November 1, 2013, defendant pleaded nolo contendere to counts 1 and 2. He also admitted the special gang allegations associated with each count. The plea was entered on the condition he would receive no more than three years four months in prison. The trial court had the discretion to grant felony probation, but probation was in no way guaranteed.

*The December 18, 2013 Hearing*

On December 18, 2013, the trial court held a sentencing hearing. The probation department had submitted a report recommending defendant be placed on felony probation, which the People opposed. The People argued that defendant had prior contacts with police and had acknowledged being a member of the Sureno criminal street gang. Additionally, the People disagreed with the probation department's assessment that defendant would be a minimal threat to the community.

During the hearing, the following colloquy occurred:

"[THE COURT]: I'm going to go along with the recommendation in the probation report and I'm going to give you probation, but I'm going to tell you right now there is no reason that you couldn't have just been sent to CDCR. And if you come back here on a violation of probation that has anything at all to do with or sounds like it has something to do with gang activity or more violence or more actions like that, I'm not talking about drunk in public or something, you should expect to go off to the Department of Corrections.

"Your lawyer says you're smart and he says this is a one time thing and that you know that you're on a fork in the road right here, and we're going to find out, because I'm going to go along with what the probation officer recommends.

3

"And the DA is adamantly opposed to letting you have probation. He thinks you're a menace to society and that you're going to go out and screw up right away and you're going to hurt somebody, and that's what he's concerned about. And that's clearly a reasonable attitude to take.

"So, I see you smiling. But I'm telling you that looking at what's going on in here and reading through this, his approach is perfectly reasonable. And if you think it's funny, then maybe he's right. So, what are you smiling about?

"[DEFENDANT]: Just about the probation recommendation. I'm going to be with my family.

"[DEFENSE COUNSEL]: It's just--he's very inarticulate, your Honor, but he's indicated that he doesn't think that the dangerousness is a real reality in his mind.

"[THE PEOPLE]: No. He's a smart person, Judge.

"[THE COURT]: So, you know, [defendant], I'm not going to sentence you today. I'm sorry. I--watching you laugh and start to smile and laugh when I got to the part where I was talking about how it made sense that you should go to Department of Corrections [*sic*] and it was a reasonable recommendation makes me think that you're not getting the program. So I'm not going to sentence you today because I'm not sure that I could give you a fair sentencing."

*The December 20, 2013 Hearing*

Several days later, the court continued its sentencing hearing. The court had received and reviewed an apology letter from defendant. Defendant had written it was "not [his] intention to disrespect [the court] in any way" and that he was "smiling because [he] was very excited to get out and make [his] family proud."

Thereafter, defense counsel made the following statement: "I've been representing [defendant] here in this matter for quite some time. We've had a lot of contact with him. And invariably, and always, he's taken this matter seriously. It's never

4

been a laughing matter for him in any way. He's pressed me hard on the questions and issues that this case raises for him. [¶] I can tell you that he--the Court saw a smile on his face. And I think he explained it to me because he heard the Court say that you were going to follow the probation offer, was not in any way disrespectful to this court [*sic*]."

However, after considering the letter submitted by defendant, and the statements made by defense counsel and the People, the court ultimately decided to deny probation and sentenced defendant to three years four months in prison.

The court made the following comments:

"[THE COURT]: All right. You know, [defendant], I was on the fence about how to sentence you when you were here earlier in the week, and was essentially swayed by the probation officer's comments and the report that they thought you could benefit from some probation. And yet when I watched you in court, you didn't smile when I said I was going to give you probation. You waited until I talked about the fact that the DA wanted you to go to the prison, but I was inclined not to send you to prison, that I was going to give you a chance to be on probation. So I'm just not confident that you care enough about complying with the terms and conditions of probation to give you probation, because that's completely inconsistent with the timing of what we're talking about so--and I indicated to you before that I was--I thought that this--you could be sentenced in either fashion, that there were reasons to sentence you either to prison or to give you the probation that the probation department was attempting to give you a chance at.

"But having reflected on it for an extra couple of days, and how you approached this matter, I don't find this letter of apology by you today to be persuasive. And I'm not going to grant you probation. Having reviewed the factors in aggravation and mitigation and the Rules of Court, I don't think you're a reasonable candidate for probation, and I'm not going to grant you probation in this case."

Defendant's trial counsel made the following objection: "Judge, for the record. I don't think that people should be sent to prison for a smile." The trial court responded, "That's not why he's going to prison. He's going to prison because his attitude does not convince me that he would be a good candidate for probation, that he would comply with their terms and conditions, or that he would take it seriously."

Defendant appealed.

## DISCUSSION

Defendant's sole argument on appeal is that the trial court erroneously denied him probation. He claims that although the court stated it had considered the factors in aggravation and in mitigation as set forth under the California Rules of Court, the record reflects that the court denied him probation solely for one improper reason: he smiled during the sentencing hearing.

"Probation is an act of leniency, not a matter of right" (*People v. Walmsley* (1985) 168 Cal.App.3d 636, 638, disagreed on another point in *People v. Lafantasie* (1986) 178 Cal.App.3d 758, 764) and is "generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) "The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*Ibid.*)

We review a court's denial of probation for abuse of discretion. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.) Under this standard, we presume the court acted correctly unless it is clearly shown that its sentencing choice was arbitrary or capricious, or exceeds the bounds of all reason. (*People v. Hubbell* (1980) 108 Cal.App.3d 253, 260; *People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.) When determining whether a trial court abused its discretion by denying probation, we consider whether there is sufficient or substantial evidence to support the court's finding

6

that a particular factor was applicable. (*People v. Leung* (1992) 5 Cal.App.4th 482, 506-507.) A reviewing court must set aside a sentence where "it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (*People v. Price* (1991) 1 Cal.4th 324, 492 (*Price*).)

The trial court, in deciding whether to grant or deny probation, must consider statutory guidelines, including the safety of the public, the nature of the offense, the interests of justice, the loss of the victim, and needs of the defendant. (§ 1202.7.) California Rules of Court, rule 4.414 also sets forth certain criteria affecting a court's decision to grant or deny probation.[3] These criteria include facts relating to the crime, such as the "[t]he nature, seriousness, and circumstances of the crime as compared to other instances of the same crime." (Rule 4.414(a)(1).) The criteria also include facts relating to the defendant, such as his prior record, his willingness to comply with the terms of probation, whether he is remorseful, and the likelihood that he will be a danger to others if not imprisoned. (Rule 4.414(b).) Additionally, in deciding whether to grant or deny probation, a trial court may consider additional criteria not listed in the rules, so long as those criteria are "reasonably related to the decision being made." (Rule 4.408(a).) A trial court is generally required to state its reasons for imposing a prison sentence and denying probation. (Rule 4.406(b)(2).)

Defendant argues it is clear from examining the criteria set forth in rule 4.414 that the court failed to consider the appropriate factors. Additionally, he claims it is clear based on what transpired during the two sentencing hearings that the court denied him probation solely because he smiled during the proceedings.

We disagree. The trial court expressly stated it considered the factors in aggravation and mitigation as set forth in the rules of court. Absent evidence to the

---

[3] Further unspecified rule references are to the California Rules of Court.

contrary, the court is presumed to have acted to achieve legitimate sentencing objectives. (*People v. Zaring* (1992) 8 Cal.App.4th 362, 378.) Therefore, based on the statements made by the court during the sentencing hearing, the record does not clearly show the trial court relied on an improper factor when denying probation.

Additionally, the court articulated reasons for its denial aside from defendant's act of smiling during the proceedings. In fact, the court expressly responded to defense counsel's objection on this point by clarifying it was *not* denying probation simply because defendant smiled. The court stated it did not believe defendant would be willing to comply with the terms of probation, a criteria expressly set forth in rule 4.414(b)(3). There was sufficient evidence to support this conclusion.

First, during the sentencing hearing on December 18, 2013, the People argued that it appeared defendant had previously denied being an active member of the Sureno criminal street gang. In the course of this instant offense, he had also allowed the passenger of the vehicle to escape, which the People claimed showed a "willingness to help other people avoid justice."

Second, the court also considered the assessment provided in the probation department's report. The report noted that defendant had a "marginal" prior performance on probation, since he was on misdemeanor probation at the time he committed the present offenses. The report also indicated defendant denied being an active member of a criminal street gang but later admitted to being a member of the Sureno criminal street gang when he was placed in the county jail. The report also asserted that although defendant "readily accepted responsibility for his actions, placing the blame for his erratic behavior on substance abuse . . . he fell short of fully taking into account the gang element of the offense."

Ultimately, the probation report recommended the trial court grant probation. However, "[t]he purpose of a probation report is to assist the sentencing court in

8

determining an appropriate disposition. [Citation.] The court has the unquestioned discretion to reject it in part or in toto." (*People v. Municipal Court* (*Lopez*) (1981) 116 Cal.App.3d 456, 459.) Additionally, " '[a] trial court may minimize or even entirely disregard mitigating factors without stating its reasons.' " (*People v. Zamora* (1991) 230 Cal.App.3d 1627, 1637.) And, a "trial court need not articulate its reasons for rejecting factors which would support the grant of probation." (*People v. Kronemyer* (1987) 189 Cal.App.3d 314, 366, disapproved of on another ground in *People v. Whitmer* (2014) 59 Cal.4th 733, 742.) Therefore, there was support in the record for the court's determination that defendant would not be willing to comply with the terms of probation, based on his failure to take full responsibility for the gang aspect of his crime and his poor performance on misdemeanor probation.

Furthermore, it is unclear whether defendant's act of smiling, which the People argue relates to his attitude, was an improper factor for the court to consider. As we previously noted, a trial court may examine additional criteria not listed in the rules, so long as those criteria are "reasonably related to the decision being made." (Rule 4.408(a).) Defendant's demeanor during the court proceedings can be perceived as being reflective of his overall attitude. Conceivably, his attitude can be construed as related to the sentencing decision being made. After all, whether a defendant appreciates the severity and importance of court proceedings may be indicative of whether he is remorseful (rule 4.414(b)(7)) and whether he is willing to comply with the terms of probation (rule 4.414(b)(3)).

However, we need not decide whether defendant's smile was necessarily an improper factor for the court to consider. "The decision to grant or deny probation requires consideration of all the facts and circumstances of the case." (*People v. Birmingham* (1990) 217 Cal.App.3d 180, 185.) As we previously determined, the court specifically said it was denying probation because it found defendant would not be

9

willing to comply with the terms of probation. This conclusion was grounded in support in the record. Furthermore, this single factor was "a sufficient basis for a sentencing choice." (*People v. Castellano* (1983) 140 Cal.App.3d 608, 615.) There may have been mitigating factors that would have supported a grant of probation, but as the reviewing court we may not substitute our judgment for that of the trial court. Nor should we reweigh the evidence or factors the trial court considered.[4]

Additionally, even if defendant's smile was an improper factor to consider, it is not "it is reasonably probable that the trial court would have chosen a lesser sentence had it known that . . . its reason[] [was] improper." (*Price*, *supra*, 1 Cal.4th at p. 492.) The trial court reiterated during the sentencing hearing it was denying probation not because defendant smiled, but because it did not think defendant would be inclined to adhere to the proposed probationary terms.

Furthermore, in denying defendant probation, the court impliedly found that the factors against probation outweighed the factors in favor of probation. This finding was not arbitrary, capricious, or an abuse of discretion. (See *People v. Downey*, *supra*, 82 Cal.App.4th at pp. 909-910.)

**DISPOSITION**

The judgment is affirmed.

---

[4] In his opening brief, defendant says his incarceration as a first-time felon for over three years is a fiscally irresponsible choice, because it costs tens of thousands of dollars to imprison a felon per year. We do not take the financial burden imprisonment imposes on the state lightly. However, the costs to the state for imprisoning a defendant is not a consideration the trial court takes into account when determining whether to grant or deny probation, such as the safety of the public, the nature of the offense, the interests of justice, the loss of the victim, and needs of the defendant. (§ 1202.7.)

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.

People v. Bernal
H040652