Filed 11/18/15  P. v. Jaime CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OCTAVIO JAIME,<br><br>    Defendant and Appellant. | F068904<br><br>(Super. Ct. No. 1456263)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Kane, Acting P.J., Detjen, J. and Smith, J.

## INTRODUCTION

Defendant and appellant Octavio Jaime pled no contest on December 17, 2013, to one count of assault likely to produce great bodily injury, a violation of Penal Code[1] section 245, subdivision (a)(4). Defendant was sentenced to 36 months formal probation with various terms and conditions. A notice of appeal was filed on February 18, 2014; the trial court denied a certificate of probable cause. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On or about March 10, 2013, defendant and the victim, Juan Gonzales, had arranged a child exchange involving a 10-year old minor. During the exchange, defendant punched Gonzales in the left temple, causing Gonzales to fall to the ground and break his wrist.

On March 20, 2013, defendant was charged with a violation of section 243, subdivision (d), battery with serious bodily injury. It also was alleged that defendant personally inflicted great bodily injury on Gonzales within the meaning of section 12022.7, subdivision (a). On April 11, 2013, defendant was arraigned and released on bail. On June 19, 2013, defendant was remanded to the custody of the sheriff's department and subsequently released on bail on June 21, 2013.

On December 17, 2013, defendant pled no contest to one count of assault likely to produce serious bodily injury pursuant to a plea agreement. In exchange for the plea of no contest to the lesser-related offense, defendant would be placed on formal probation, subject to terms and conditions including serving 300 days in jail, and the People would dismiss all other allegations.

Before accepting defendant's plea, the trial court accepted a stipulation to a factual basis for the plea; explained defendant's constitutional rights to him, which defendant

---

[1] References to code sections are to the Penal Code.

2.

waived; and verified that defense counsel had discussed the charges, possible defenses, and his rights with defendant. The trial court notified defendant of the consequences of his plea, including the consequences of violating probation. The trial court found that defendant entered the no contest plea knowingly and voluntarily.

Defendant requested that he be sentenced immediately, without a formal probation report. The trial court accepted a no contest plea to a felony violation of section 245, subdivision (a)(4), and proceeded to sentence defendant to 36 months formal probation, subject to specified terms and conditions, including serving 300 days in jail. The trial court stated that the jail would "determine credits." The minute order notes that defendant is to serve 300 days in jail, but the amount of custody credits awarded is left blank.

Defendant signed a notice of appeal form on January 6, 2014, which also included a request for a certificate of probable cause. The request for a certificate of probable cause was denied. The form does not bear a file stamp, but has the notation "INOPERATIVE." The clerk returned a copy of the notice on February 10, 2014.

Defendant again submitted a notice of appeal and a request for a certificate of probable cause, which he signed on February 13, 2014. The trial court denied the certificate of probable cause on February 18, 2014, and the clerk filed the notice on that date.[2]

On August 5, 2014, appellate counsel contacted the superior court and requested that the trial court determine custody credits as required by section 2900.5, subdivision (d). An amended sentencing order was prepared, which reflects an award of 74 days actual credits, plus 74 days conduct credits.

---

[2]     To the extent the notice of appeal was filed late, we will construe it to be timely filed. (*In re Benoit* (1973) 10 Cal.3d 72, 86-87, 89.)

3.

On November 19, 2014, appellate counsel filed a *Wende* brief. That same day, this court issued a letter to defendant notifying him of the opportunity to file a supplemental brief. No supplemental brief was filed.

## DISCUSSION

Section 2900.5, subdivision (d) states that it is the duty of the trial court to award custody credits; credits are to be calculated and awarded at the time of sentencing. (*People v. Lara* (2012) 54 Cal.4th 896, 903.) A trial court may not delegate the duty to calculate and award credits. (*In re John H.* (1992) 3 Cal.App.4th 1109, 1111; *People v. Vargas* (1988) 204 Cal.App.3d 1455, 1469 & fn. 9.) Appellate counsel obtained a correction to the sentencing order to reflect the award of custody credits and the amended sentencing order was prepared and filed.[3]

Defendant's appeal seems to be premised on his belief that defense counsel failed to adequately explain his "options" and failed to "explain the situation properly" to the trial court. The record, however, discloses that defendant affirmatively represented that he had discussed the facts and circumstances of the case with defense counsel; understood the charges against him; had had sufficient time to discuss the case with defense counsel; and was freely and voluntarily entering the change of plea.

Postplea apprehension is not a valid basis for setting aside a plea agreement. (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.) Feeling pressured to enter into a plea does not constitute duress; defendant was under the same pressures as every other defendant faced with the option of going to trial or accepting a plea bargain. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

---

**3** Stanislaus County Superior Court apparently still uses a pre-printed form that includes a box for the trial court to check stating "Jail to determine credits."

## DISPOSITION

The judgment is affirmed.