Filed 8/19/24  P. v. A.E. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>A.E.,<br><br>    Defendant and Appellant. | D083252<br><br><br>(Super. Ct. No. J244924) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A.E. was arrested on March 27, 2023, at around 9:00 p.m. and then booked into custody in juvenile hall.  The trial court found A.E. guilty of

robbery.  At sentencing, the court adopted probation's recommendations and awarded A.E. 28 days of predisposition custody credits based on a March 28 booking date, as reflected in the probation report.  A.E. contends the court erred by miscalculating his custody credits because the court did not include March 27 towards his time in custody.  We resolve this matter by memorandum opinion and affirm.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

"[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing." (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067 (*Emilio C.*).)  A minor's predisposition credits are calculated the same way as for adults under Penal Code section 2900.5.  (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 352 (*Antwon R.*).)  Under section 2900.5(a), presentence credits are calculated from the day a person is booked into custody at a detention facility and does not include time spent in police custody prior to booking.  (*People v. Macklem* (2007) 149 Cal.App.4th 674, 702.)  Calculation of custody credits may be raised for the first time, as the sole issue, on appeal in juvenile cases. (*Antwon R.*, 87 Cal.App.4th at p. 350.)

A.E. first argues the trial court improperly delegated its duty to calculate custody credits to the probation department by relying on the probation report.

"It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty."  (*Emilio C.*, 116 Cal.App.4th at p. 1067.)  "The purpose of a probation report is to assist the sentencing court in determining an appropriate disposition."  (*People v. Municipal Court (Lopez)* (1981) 116 Cal.App.3d 456, 459.)  In *In re John H.* (1992) 3 Cal.App.4th 1109, 1111 (*John H.*), the court improperly delegated its duty

2

to calculate predisposition credits because "the court initially awarded 36 days of credit but then retracted that finding and stated the Probation Department or CYA would calculate the final figure."

Here, unlike *John H.*, the court did not make an order delegating the calculation of custody credits to probation, rather it made an informed decision and accepted the recommendations in the probation report. (See *John H.,* 3 Cal.App.4th at p. 1111.) We conclude the court did not improperly delegate its duty.

A.E.'s main argument is that he is entitled to one additional day of credit. He concedes predisposition custody credits begin on the day he was booked into juvenile hall rather than the date of his arrest, but contends there is ambiguity in the record as to the date he was booked. While the court calculated A.E.'s predisposition custody credits based on a March 28 booking date, he claims he was booked on the day of his arrest, March 27.

A.E. contends the probation report is ambiguous because it does not state the time he was booked on March 28. But, "[t]he law takes no notice of fractions of a day." (*Municipal Improv. Co. v. Thompson* (1927) 201 Cal. 629, 632.) "Any fraction of a day is deemed a day unless in a particular case it is necessary to ascertain the relative order of occurrences on the same day." (*Ibid*.) *In re Jackson* (1986) 182 Cal.App.3d 439, 442 (*Jackson*), is instructive. *Jackson* concluded the petitioner had served two full days when he was ordered to serve partial days in jail as part of his sentence. *Jackson* further concluded that "[t]he term 'day' is statutorily defined, not as 24 hours, but as 'the period of time between any midnight and the midnight following.'" (*Jackson*, 182 Cal.App.3d at p. 442.) Thus, it matters not that the probation report is devoid of the time that A.E. was booked into custody; it matters only that it states A.E. was booked on March 28.

A.E. also points to the probation case plan to support his contention that he was booked into custody on March 27 because the case plan (1) has a date stamp showing it was filed on March 29, and (2) states that he has three days of predisposition credits. A.E. thus concludes that on March 29 he had three predisposition credits, supporting his contention he was booked on March 27. This is not supported by the record because the case plan is dated March 30 and indicates it is for a hearing on March 30. And the court's minute order from the March 30 detention hearing states the court "has read and considered the report of the Probation Officer dated March 30, 2023, and it is admitted into evidence by reference." Thus, the record shows the case plan was prepared for the March 30 hearing, and indicates A.E. had three predisposition credits on March 30, meaning he was booked on March 28.

Lastly, A.E. points to the petition for wardship, which provides he was booked "at 12:00 am March 29, 2023." According to A.E., this creates ambiguity in the record as to whether he was booked on March 28 or 29. However, any such ambiguity does not support his contention that he is entitled to an additional day of credit.

We thus conclude A.E. has not met his burden of showing the court erred in calculating his predisposition credits.

DISPOSITION

The judgment is affirmed.

CASTILLO, J.

WE CONCUR:

IRION, Acting P. J.

KELETY, J.

4