Filed 1/27/26  P. v. Windom CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ERIC WINDOM,<br><br>　　　Defendant and Appellant. | A170692<br><br>(Contra Costa County<br>Super. Ct. No. 01001976380) |

Defendant Eric Windom pleaded no contest to attempted murder, manslaughter, and robbery, and the trial court sentenced him to an agreed-upon term of 19 years' imprisonment.  At the sentencing hearing, Windom sought clarification on whether an "initial probation report" would be going to the Department of Corrections and Rehabilitation, and stated that, if so, he "would be seeking" to strike a narrative about a shooting at a gas station from the report.[1]  The trial court answered that it was not ordering that the report be sent, and it was not striking the narrative from the report.  Windom now contends on appeal that the trial court abused its discretion by not striking the narrative.  We find no error and affirm.

---

[1] At Windom's request, we have taken judicial notice of the report.

1

## BACKGROUND

On January 27, 2022, Windom and three codefendants were charged by information with conspiracy to commit murder, the murder of Arnold Marcel Hawkins, the attempted murder of Aaron Patterson, and criminal street gang conspiracy.

On or about January 31, 2022,[2] the probation department prepared a document entitled "PROBATION OFFICER'S REPORT." The probation officer's report lists the pending charges against Windom and identifies the "DATE OF OFFENSE" as March 9, 2021.[3] The portion of the probation officer's report at issue is a two and one-half-page section entitled "INVESTIGATION," which begins: "According [to] Antioch Police Department report [number]," and then describes, apparently based on the police report, the investigation of an attempted murder at a gas station on February 27, 2021. (Capitalization omitted.) This section concludes: "This police report does not indicate which defendant was identified as the shooter or states [*sic*] when the defendants were arrested." (Capitalization omitted.) The probation officer's report describes the criminal acts of the shooter and does not suggest that any person aided or was present with the shooter.

In May 2024, in exchange for a sentence of 19 years in state prison, Windom pleaded no contest to: (1) non-premeditated attempted murder, in

---

[2] The probation officer's report does not bear a date, but the declaration in support of Windom's motion for judicial notice of the probation officer's report represented that the probation officer's report was "filed/dated" on January 31, 2022. To the extent that the Attorney General disputes this date, it is not relevant to our decision in this case.

[3] The list of charges pending against Windom in the probation officer's report contains a typographical error; Windom was charged with criminal street gang conspiracy in count 6 of the information, not count 4.

violation of Penal Code sections 664 and 187, with an enhancement for use of a firearm under Penal Code section 12022.5, subdivision (a); (2) manslaughter, in violation of Penal Code section 192, subdivision (a); and (3) second degree robbery, in violation of Penal Code section 211, in another case. It is undisputed that Windom waived referral to probation for the preparation of a presentence report, and none was prepared.

Near the end of the sentencing hearing, Windom's counsel raised, for the first time, a concern about the probation officer's report as follows: "The other issue is that we waived a pre-sentencing probation report, but there was an initial probation report prepared in this case and sometimes those will go along with the Abstract of Judgment. In reviewing the case yesterday, I realized that the narrative portion of the probation report here contains the facts of the 76 Gas Station shooting for which only [codefendant] Pugh was involved. So I would be concerned about a narrative about a crime Mr. Windom did not have any involvement with going to prison. So I wanted to clarify whether that document is going; and if so, I would be seeking to have that narrative about the other crime stricken." The trial court answered: "I'm not going to strike anything that's public record. I'm also not ordering that that be sent along to the parole board. If . . . the parole board orders it, then Mr. Windom, when the time comes, can address that on his own. But I'm certainly not ordering that that probation report be sent, but I'm not striking it from public record or the Court's file."

In response, Windom's counsel stated: "I guess I just want to be very clear for the record right now that . . . , at a future youthful offender parole hearing, if the board is examining this record, there is an implication that Mr. Windom was involved in the commission of a crime that he wasn't charged with and had no involvement with. [¶] . . . [¶] And this document

3

produced by probation does not contain the facts of the homicide charge . . . which . . . Mr. Windom has now resolved." The trial court replied: "Okay. You've made your record, and I'll let the parole board sort that out when time comes."

Windom appealed.

## DISCUSSION

As a preliminary matter, the Attorney General contends that we should dismiss this appeal because Windom's plea agreement included an appellate waiver that encompasses the issue he now raises, and he failed to obtain a certificate of probable cause from the trial court.[4] Windom argues that his appeal is based on matters occurring after the plea that do not affect the validity of the plea (see Cal. Rules of Court, rule 8.304(b)), and that the issue on appeal is outside of the scope of the plea agreement's appellate waiver. We need not resolve which of these competing contentions is correct because, in any event, we conclude that the trial court did not abuse its discretion by not striking the narrative from the report.

"The purpose of a probation report is to assist the sentencing court in determining an appropriate disposition. [Citation.] The court has the unquestioned discretion to reject it in part or in toto. [Citation.] There is no reason why the power to 'strike' a report should not similarly fall within the discretionary province of the trial court." (*People v. Municipal Court* (*Lopez*) (1981) 116 Cal.App.3d 456, 459.) Accordingly, a trial court's refusal to strike part of a probation report is reviewed for an abuse of discretion. "This

---

[4] On his plea form, Windom initialed the following statement: "I understand that I have the right to appeal this sentence, conviction and any rulings made by the Court in this case. I give up my right to appeal in exchange for accepting this negotiated disposition."

standard is deferential." (*People v. Williams* (1998) 17 Cal.4th 148, 162 (*Williams*).) "[I]t asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts [citations]." (*Ibid.*)

Here, even assuming that Windom was not involved in the shooting described in the narrative, the trial court's decision not to strike the narrative in the probation officer's report did not fall outside the bounds of reason. As we have described, the narrative appears to relate the substance of an identified police report regarding the investigation of an attempted murder at a gas station, and it does not erroneously identify Windom as the shooter who committed the attempted murder at the gas station, which was alleged solely against a codefendant. Rather, the narrative states: "This police report does not indicate which defendant was identified as the shooter . . . ." (Capitalization omitted.) Because the narrative does not contain any factually unsupported allegation that Windom was the shooter and does not mislead by suggesting that Windom aided or was even present with the shooter, the trial court's conclusion that it did not need to strike the narrative did not " 'fall[] outside the bounds of reason.' " (See *Williams, supra,* 17 Cal.4th at p. 162.)

Furthermore, it was reasonable for the trial court to conclude that it did not need to strike the narrative because, as the trial court noted, if at some time in the future the parole board requests this particular report, Windom could address it at that time. Penal Code section 3041.5, subdivision (a)(1) provides: "At least 10 days before any hearing by the Board of Parole Hearings, the inmate shall be permitted to review the file which will be examined by the board and shall have the opportunity to enter a written response to any material contained in the file." Additionally, at all parole

hearings, "[t]he inmate shall be permitted to be present, to ask and answer questions, and to speak on his or her own behalf." (Pen. Code, § 3041.5, subd. (a)(2).) Furthermore, "[a]t any hearing for the purpose of setting, postponing, or rescinding a parole release date of an inmate under a life sentence, the inmate shall be entitled to be represented by counsel . . . ." (Pen. Code, § 3041.7.) Thus, Windom's claim of future possible harm, which is speculative in nature, is not without an administrative remedy, and there is no reason to suppose that the narrative in the report would mislead any administrative body into mistakenly believing that Windom committed, aided, or was even present at the attempted murder at the gas station. Moreover, should the need ever arise, Windom can submit the transcript of the sentencing hearing, which contains the record that his counsel made on this point.

Finally, we find no abuse of discretion because it is not clear that Windom actually asked the trial court to strike such language. "A party on appeal cannot successfully complain because the trial court failed to do something which it was not asked to do . . . ." (*In re Cheryl E.* (1984) 161 Cal.App.3d 587, 603.) Here, counsel for Windom stated: "So I wanted to clarify whether that document is going; and *if so*, I would be seeking to have that narrative about the other crime stricken." (Italics added.) Because the trial court stated that it was not ordering that the report be sent to the parole board, counsel's explanation of what he would do "if" the report were sent cannot be construed to be a request. Counsel for Windom went on to state he "just want[ed] to be very clear for the record right now" that, if the report were examined at a future parole hearing, "there is an implication that Mr. Windom was involved in the commission of a crime that he wasn't charged with and had no involvement with." While making a record that such an

6

implication was incorrect, however, counsel for Windom did not make clear that he wanted the trial court to strike the narrative even after the trial court explained that it was not sending the report to the parole board.  Windom cannot now complain that the trial court abused its discretion by not doing so.

Windom's reliance on *People v. Berry* (1981) 117 Cal.App.3d 184 and *People v. Taylor* (1979) 92 Cal.App.3d 831 for the broad proposition that material not factually supported should be excluded from probation reports is misplaced.  Both cases narrowly addressed the exclusion of arrests from probation reports.  In *Berry*, the court noted that the probation report "contains numerous arrests which, for various reasons, did not result in adjudications or convictions" and concluded that "they could not be considered" by the trial judge because they were "not factually supported." (*Berry, supra,* 117 Cal.App.3d at p. 191.)  In *Taylor*, the court "emphasize[d] . . . that arrests not factually supported should be excluded from" probation reports.  (*Taylor, supra,* 92 Cal.App.3d at p. 833.)  Even if *Berry* and *Taylor* could be broadly read to require that a trial court strike material not factually supported from probation reports, and even assuming that this report—which was not prepared to "assist the sentencing court in determining an appropriate disposition" (see *Lopez, supra*, 116 Cal.App.3d at p. 459)—counts as a probation report, Windom fails to establish how the narrative was not factually supported.  As explained above, the report does not contain any factually unsupported allegation that Windom was the shooter and does not otherwise suggest that he was involved in the shooting.

## DISPOSITION

The judgment is affirmed.

_____

Miller, J.

WE CONCUR:


_____

Stewart, P. J.


_____

Richman, J.


A170692, *People v. Windom*