[No. E028752. Fourth Dist., Div. Two. Feb. 27, 2001.]

In re ANTWON R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTWON R., Defendant and Appellant.

**COUNSEL**

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

Steven D. Matthews and Jennevee H. De Guzman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICHLI, J.**—In this appeal, we will hold that Penal Code section 1237.1—which precludes a criminal defendant from raising an error in the calculation of presentence custody credits, at least as the sole issue on appeal, if he or she has not previously raised the error in the trial court—does not apply to juvenile appeals.

## I

### PROCEDURAL BACKGROUND

In a petition filed on November 13, 1998, Antwon R. (the minor) was charged with first degree burglary. (Pen. Code, §§ 459, 460, subd. (a).) In a second petition filed on March 5, 1999, the minor was charged with resisting an officer. (Pen. Code, § 148, subd. (a)(1).) The juvenile court sustained both petitions. It committed the minor to the California Youth Authority (CYA) for a maximum period of six years four months. It did not calculate any precommitment custody credit. Rather, it indicated that this was to be calculated by CYA.

## II

### PENAL CODE SECTION 1237.1 DOES NOT APPLY TO JUVENILE APPEALS

The minor's principal point is that the juvenile court erred by failing to calculate his precommitment custody credit. The People argue that the minor never raised this issue in the trial court, and, accordingly, Penal Code section 1237.1 bars him from raising it as the sole issue on appeal. Accordingly, the minor's subsidiary point is that Penal Code section 1237.1 does not apply to juvenile appeals under Welfare and Institutions Code section 800. We agree with the minor on both points.

"Juvenile proceedings are not criminal prosecutions. [Citation.]" (*People v. Arias* (1996) 13 Cal.4th 92, 164 [51 Cal.Rptr.2d 770, 913 P.2d 980], cert. den. (1997) 520 U.S. 1251 [117 S.Ct. 2408, 138 L.Ed.2d 175].) " 'The State has "a *parens patriae* interest in preserving and promoting the welfare of the child," [citation], which makes a juvenile proceeding fundamentally different from an adult criminal trial.' " (*Alfredo A. v. Superior*

*Court* (1994) 6 Cal.4th 1212, 1225 [26 Cal.Rptr.2d 623, 865 P.2d 56], cert. den. 513 U.S. 822 [115 S.Ct. 86, 130 L.Ed.2d 38], quoting *Schall v. Martin* (1984) 467 U.S. 253 [104 S.Ct. 2403, 81 L.Ed.2d 207], quoting *Santosky v. Kramer* (1982) 455 U.S. 745, 766 [102 S.Ct. 1388, 1401-1402, 71 L.Ed.2d 599].) "Consequently, any number of criminal law statutory procedures do not apply to juvenile proceedings . . . ." (*In re Dorothy B.* (1986) 182 Cal.App.3d 509, 519 [227 Cal.Rptr. 472] [listing examples], overruled on another point in *In re Andrew I.* (1991) 230 Cal.App.3d 572, 582-583 [281 Cal.Rptr. 570].)

Penal Code section 1237, subdivision (a) authorizes an appeal "by the defendant" "[f]rom a final judgment of conviction except as provided in Section 1237.1 and Section 1237.5." Juvenile appeals are separately authorized by Welfare and Institutions Code section 800.

Penal Code section 1237.1 provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."[1]

Penal Code section 1237.5 similarly provides that, subject to exceptions, "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . ." In *In re Joseph B.* (1983) 34 Cal.3d 952 [196 Cal.Rptr. 348, 671 P.2d 852], the Supreme Court held that Penal Code section 1237.5 does not apply in juvenile proceedings. It explained, in part, that: "By its terms, Penal Code section 1237.5 does not apply to minors. The statute refers to *defendants* who stand *convicted* upon a *guilty or nolo contendere plea.* Further, minors charged with violations of the Juvenile Court Law are not 'defendants.' They do not 'plead guilty,' but admit the allegations of a petition. Moreover, 'adjudications of juvenile wrongdoing are not "criminal convictions." ' [Citation.]" (*In re Joseph B., supra*, at p. 955, quoting *Leroy T. v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, 439 [115 Cal.Rptr. 761, 525 P.2d 665].)

The reasoning in *Joseph B.* regarding Penal Code section 1237.5 applies equally to Penal Code section 1237.1. Both sections refer to an

---

[1]It has been held that "[Penal Code] section 1237.1 only applies when the sole issue raised on appeal involves a criminal defendant's contention that there was a miscalculation of presentence credits. In other words, [Penal Code] section 1237.1 does not require a motion be filed in the trial court as a precondition to litigating the amount of presentence credits when there are other issues raised on direct appeal." (*People v. Acosta* (1996) 48 Cal.App.4th 411, 420 [55 Cal.Rptr.2d 675]; accord, *People v. Jones* (2000) 82 Cal.App.4th 485, 493 [98 Cal.Rptr.2d 329]; *People v. Duran* (1998) 67 Cal.App.4th 267, 269-270 [78 Cal.Rptr.2d 884].) Here, precommitment credit is the only appellate issue.

appeal "by the *defendant* from a judgment of *conviction* . . . ." These terms simply do not apply to a minor who is subject to a juvenile adjudication of wardship. Penal Code section 1237.1 was enacted in 1995 (Stats. 1995, ch. 18, § 2), well after the Supreme Court's decision in *Joseph B.* ▮ " 'Where a statute is framed in language of an earlier enactment on the same or an analogous subject, and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction. [Citation.]' [Citation.]" (*People v. Masbruch* (1996) 13 Cal.4th 1001, 1007 [55 Cal.Rptr.2d 760, 920 P.2d 705], quoting *People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078].) ▮ It seems inescapable that the Legislature intended Penal Code section 1237.1, like Penal Code section 1237.5, not to apply in juvenile proceedings.

We also note that Penal Code section 1237.1 speaks in terms of "presentence custody credits." Penal Code section 2900.5, however, which governs the award of presentence custody credits, does not apply of its own force in a juvenile proceeding. Rather, Welfare and Institutions Code section 726 provides that "the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the [same] offense . . . ." Because an adult would be entitled to presentence custody credit under Penal Code section 2900.5, this has been interpreted to mean that an equivalent amount of time must be subtracted from a minor's maximum period of physical confinement. (*In re Eric J.* (1979) 25 Cal.3d 522, 535-536 [159 Cal.Rptr. 317, 601 P.2d 549]; *In re Randy J.* (1994) 22 Cal.App.4th 1497, 1503-1504 [28 Cal.Rptr.2d 152].) Inasmuch as a minor is not "sentenced," it would simply be incorrect to refer to a this as "presentence" custody credit. In the juvenile context, the correct term is "precommitment" (see, e.g., *In re Pedro M.* (2000) 81 Cal.App.4th 550, 556 [96 Cal.Rptr.2d 839]) or "predisposition" custody credit (see, e.g., *In re Randy J., supra,* 22 Cal.App.4th at pp. 1500-1501; *In re John H.* (1992) 3 Cal.App.4th 1109, 1111 [6 Cal.Rptr.2d 25]).

Finally, Penal Code sections 1235, 1237, 1237.1 and 1237.5 are all found under title 9 of the Penal Code. Penal Code section 1235 provides: "Either party to *a felony case* may appeal on questions of law alone . . . . *The provisions of this title apply only to such appeals.*" (Pen. Code, § 1235, subd. (a), italics added.) According to the Law Revision Commission's comments, the term "felony case" was meant to incorporate the definition of "felony case" in Penal Code section 691, subdivision (f) as "a criminal action in which a felony is charged . . . ." (Cal. Law Revision Com. com., Deering's Ann. Pen. Code (2001 supp.) foll. § 1235, p. 58.) The plain meaning of these provisions would preclude the application of Penal Code section 1237.1 to a juvenile proceeding, which is not a "criminal action."

The juvenile court erred by failing to calculate the minor's precommitment custody credit. (*In re Pedro M., supra*, 81 Cal.App.4th at p. 556; *In re John H., supra*, 3 Cal.App.4th at pp. 1111-1112.) The People do not argue otherwise. Because there is not enough information in the record for us to calculate the credit ourselves, we must remand to the trial court for this purpose. (*In re Pedro M., supra*, 81 Cal.App.4th at p. 557.)

### III

### DISPOSITION

The commitment order, to the extent it fails to calculate the minor's precommitment custody credit, is reversed; in all other respects, it is affirmed. The matter is remanded to the juvenile court with directions: (1) to calculate the amount of precommitment custody credit to which the minor is entitled; (2) to prepare an amended commitment order reflecting such credit; and (3) to forward a certified copy of the amended commitment order to CYA.

Hollenhorst, Acting P. J., and Ward, J., concurred.