Filed 5/23/13  In re Francisco P. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re FRANCISCO P., a Person Coming Under the Juvenile Court Law. | |
| | D062272 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J223598) |
| v. | |
| FRANCISCO P., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed as modified.

Libby A. Ryan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Theodore M. Cropley, Deputy Attorneys General, for Plaintiff and Respondent.

Following a contested adjudication hearing, the juvenile court made true findings on allegations of threatening a victim by force (Pen. Code,[1] § 136.1, subd. (c)(1)); grand theft from the person (§ 487, subd. (c)); battery (§ 242); and possession of drug paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)). The court determined the maximum confinement potential was eight years.

Francisco P. (the Minor) was placed on probation, subject to a commitment to the Camp Barrett program for a period not to exceed 365 days and certain other conditions.

The Minor appeals contending the juvenile court incorrectly calculated his pre-disposition custody credits and that the court erred in declining to strike one of the probation conditions. The respondent properly concedes the custody credits were incorrectly calculated. We will order the juvenile court to correct the disposition order to award the Minor 57 days of predisposition custody credits. Otherwise we will affirm the juvenile court's decision.

STATEMENT OF FACTS

Since the Minor does not challenge the admissibility or sufficiency of the evidence to support the true findings, we will only summarize the underlying offenses.

The Minor, who is affiliated with the Varrio Fallbrook Locos Sureno gang, physically assaulted another boy and took items of property from him. He also threatened the victim with physical harm if he reported the offenses.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

I

*CUSTODY CREDITS*

The Minor contends, and the respondent concedes, he is entitled to additional pre-disposition custody credits.  He contends he is entitled to 57 days of such credit.

Juvenile offenders are entitled to receive credit for all time in physical custody prior to disposition.  (Welf. & Inst. Code, § 726; *In re Randy J*. (1994) 22 Cal.App.4th 1497, 1504-1505.)  An appellate court may correct the amount of custody credits where the record is clear that the juvenile court erred in its calculation.  (*In re Antwon R*. (2001) 87 Cal.App.4th 348, 350.)

The Minor was arrested and placed in juvenile hall on May 11, 2012 and remained there until the disposition hearing on July 6, 2012.  Thus he is entitled to 57 days of custody credit.  We will direct the juvenile court to amend the disposition order to correct the award of credits.

II

*THE CONTESTED PROBATION CONDITION*

At the time of the disposition hearing the court considered a series of proposed conditions relating to the Minor's ability to drive a vehicle.  (Conditions 17-24.)  The Minor was not then licensed to drive a vehicle, but was otherwise eligible to be licensed. He objected to three of the proposed conditions:  Condition 17 delaying licensing for one year; condition 18 requiring an abstract to be issued to the Department of Motor

3

Vehicles; and condition 19 requiring that the Minor not have a driving privilege until he gives proof of financial responsibility. The Minor's objection to the three conditions was that he did not have a driver's license.

The court struck conditions 17 and 18 but denied the request to strike condition 19. The Minor contends the trial court erred in denying his request to strike condition 19. He argues the offense had nothing to do with driving and thus the condition does not have a relationship to the offense. He further contends the condition prohibits legal conduct and is not related to any rehabilitative purpose. We conclude the imposition of condition 19 was well within the very broad discretion of the juvenile court and does serve a legitimate purpose to attempt to avoid future unlawful behavior.

### A. Legal Principles

Juvenile courts have broad discretion to impose any reasonable conditions of probation that may properly enhance the reformation and rehabilitation of the minor. (Welf. & Inst. Code, § 730, subd. (b); *In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 968.) The juvenile court "stands in the shoes of the parents" when providing guidance to wards of the court. (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033-1034.)

A condition of probation, which limits conduct that is otherwise not criminal, will be valid if the limitation is reasonably related to the crime or preventing future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486; *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1016.)

4

Vehicle Code section 16028 requires all drivers to show proof of financial responsibility when demand is made by a peace officer.

Thus the question presented here is whether condition 19 relates to the Minor's reformation and rehabilitation.

## B. Analysis

The probation conditions the court imposed, which are not challenged here, include not driving unless licensed and insured (condition 22). The challenged condition merely augments the requirement by also requiring the showing of financial responsibility, which can be shown with valid proof of insurance. Thus, condition 19 does not burden the Minor's exercise of any lawful activity. It is merely one of a group of conditions, most of which are unchallenged, requiring the Minor to only drive lawfully.

In this case the Minor was on probation when he committed the current offenses, which included violent and threatening behavior. He has been actively involved with a criminal street gang and has continued to behave in an irresponsible manner even where there has been juvenile court intervention. Given the pattern of irresponsibility, it was reasonable for the court to attempt to prevent future irresponsible behavior in the driving of vehicles. The fact he was not yet licensed to drive does not detract from the court's legitimate desire to correct the behavior underlying his offense, i.e., acting in an unlawful and potentially harmful manner.

In our view, requiring the Minor to fully comply with the law before he is permitted to drive a vehicle is entirely consistent with the quasi-parental role of the

5

juvenile court in dealing with a young person who could well end up in the adult criminal justice system if his behavior is not corrected.  Condition 19 was lawfully imposed.

DISPOSITION

The juvenile court is directed to amend the dispositional order to reflect 57 days of predisposition custody credit.  In all other respects the adjudication and dispositional orders are affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


O'ROURKE, J.