Filed 4/30/15  In re Destiny G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re DESTINY G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F069847 |
| Plaintiff and Respondent, | (Super. Ct. No. 13CEJ600144-1V) |
| v. | |
| DESTINY G., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly J. Nystrom-Geist, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Gregory B. Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Poochigian, J. and Franson, J.

The sole issue on this appeal is whether appellant Destiny G. was awarded the correct amount of precommitment custody credit.[1] We conclude she was given one day too many and modify the judgment accordingly.

## FACTS AND PROCEDURAL HISTORY

While at a party sometime prior to February 20, 2013, Destiny stabbed another girl in the chest and abdomen three times with a knife during an argument. As a result, a wardship petition was filed pursuant to section 602, and, on April 24, 2013, Destiny admitted an allegation she committed assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). On July 8, 2013, Destiny was declared a ward of the court, the offense was declared to be a felony with a maximum confinement time of four years, and Destiny was given credit against that term for 143 days already spent in confinement. A commitment to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ) was stayed; Destiny was committed to the Juvenile Justice Campus (JJC) for 180 days, and placed on probation on condition,

---

[1] Penal Code section 1237.1, which prohibits a criminal defendant from raising an error in the calculation of presentence custody credits as the sole issue on appeal unless he or she first presents such claim in the trial court, does not apply to juvenile proceedings. (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 350-352.)

Welfare and Institutions Code section 800, subdivision (b)(5) gives the People the right to appeal the imposition of an unlawful disposition order in juvenile proceedings. In criminal proceedings, failure to award the legally mandated amount of presentence custody credits constitutes an unauthorized sentence that can be corrected whenever discovered (*People v. Gisbert* (2012) 205 Cal.App.4th 277, 280; see *People v. Scott* (1994) 9 Cal.4th 331, 354), and so may be raised by the People on a defendant's appeal (see, e.g., *People v. Fitzgerald* (1997) 59 Cal.App.4th 932, 934; *People v. Walkkein* (1993) 14 Cal.App.4th 1401, 1411). By analogy, the People may respond to Destiny's claim of calculation error with their own such claim, and Destiny does not contend otherwise.

Further statutory references are to the Welfare and Institutions Code unless otherwise stated.

inter alia, that she obey all laws, attend school, and not use force or violence upon anyone except in self-defense. Destiny was released from JJC on January 7, 2014.

On April 8, 2014, Destiny was arrested on suspicion of making criminal threats (Pen. Code, § 422) and resisting arrest (*id*., § 148, subd. (a)(1)), and placed in custody at JJC, where she remained throughout proceedings. That same day, she was dropped from the school in which she was enrolled due to excessive unexcused absences and failure to enroll in the required number of classes.

On April 10, 2014, Destiny was booked by Fresno County Probation for a violation of probation. That same day, Destiny's new law violations were submitted to the district attorney for filing; however, no charges were filed due to Destiny's prior offense.

On April 14, 2014, a supplemental petition for modification was filed pursuant to section 777. It alleged Destiny had violated her probation by failing to attend school, refrain from the use of force or violence, and obey all laws. On June 16, 2014, Destiny admitted violating the terms of her probation by failing to attend school. The remaining violation allegations were dismissed with the right to comment.

On July 29, 2014, the court committed Destiny to DJJ for a maximum period of four years, and awarded credit of 438 days against that period of confinement. Based on the probation officer's calculation, credit was awarded for three separate periods: The time Destiny spent in custody prior to the July 8, 2013, initial disposition; July 9, 2013, to January 7, 2014, the time Destiny was confined at JJC following the initial disposition; and April 8, 2014, to July 29, 2014, the time from arrest on the new charges to disposition on the violation of probation.

## DISCUSSION

"If the minor is removed from the physical custody of his or her parent … as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the

3.

maximum term of imprisonment which could be imposed upon an adult convicted of the offense .…" (§ 726, subd. (d)(1).) Physical confinement includes placement in juvenile hall. (*In re J.M.* (2009) 170 Cal.App.4th 1253, 1256.) Generally speaking, Penal Code section 2900.5, subdivision (a) entitles an adult offender to credit against his or her term of imprisonment for "all days" he or she spent in custody prior to sentencing. Although that statute deals with adults, not juveniles, the California Supreme Court has determined juveniles are entitled to credit for all days of actual precommitment confinement against the maximum period of confinement time, in order to comply with section 726's mandate. (*In re Eric J.* (1979) 25 Cal.3d 522, 536; see *In re Randy J.* (1994) 22 Cal.App.4th 1497, 1503.)[2]

The parties here agree Destiny properly was awarded 143 days of credit for her time in custody at JJC from her original arrest to July 8, 2013, and 183 days of credit for her time in custody at JJC from July 9, 2013, to her release on probation on January 7, 2014. They disagree, however, whether the third period of custody (which ended on July 29, 2014, the date the dispositional hearing concluded) began April 8, 2014 (the date Destiny was arrested and placed in JJC on suspicion of new charges) or April 10, 2014 (the date she was booked by the probation department for a violation of probation). If Destiny is correct and she should have received credit beginning April 8, 2014, she is entitled to 439 days of credit, one day more than the juvenile court awarded. If the People are correct and she should only have received credit beginning April 10, 2014, she is entitled to 437 days of credit, one day less than the juvenile court awarded.

---

[2]     Because Penal Code section 2900.5 speaks in terms of "days" and not "hours," any partial day is treated as a whole day. Accordingly, a sentencing court is required to award presentence credit for the day of sentencing, where the defendant has remained in custody between conviction and sentencing. (*People v. Smith* (1989) 211 Cal.App.3d 523, 526.) It appears this rule is also applicable to juvenile proceedings (see *In re Antwon R.*, *supra*, 87 Cal.App.4th at p. 352), and the People have included the day of the dispositional hearing in their calculation.

Subdivision (b) of Penal Code section 2900.5 permits credit to be awarded pursuant to that section "only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." The California Supreme Court has extended this limitation to juvenile proceedings (*In re Ricky H.* (1981) 30 Cal.3d 176, 185 (*Ricky H.*), and we are bound to follow the decisions of our state's highest court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455).[3]

Destiny was arrested on April 8, 2014, on suspicion she committed new offenses.[4] She was not booked for violations of probation until April 10, 2014, however. Although the alleged violations included the commission of the new offenses, Destiny ultimately admitted only the allegation that she violated her probation by failing to attend school.

---

[3] Destiny acknowledges this, but nevertheless asks us to reconsider the position taken in *Ricky H.*, and to "instead consider the fact that as juvenile matters are treated as one continuous matter, predisposition time held in custody should be awarded in total to any applied maximum term of confinement." Destiny suggests *Ricky H.* failed to take into account that "once a juvenile is 'in the system' they are bound to one single matter throughout their time within the system as a juvenile."

We cannot, of course, reconsider *Ricky H.* We recognize there are significant differences between juvenile wardship and adult criminal proceedings. (See, e.g., *In re Julian R.* (2009) 47 Cal.4th 487, 496-497.) For purposes of the issue on appeal, however, Destiny's situation is not meaningfully different from that of an adult offender who is sentenced, but has execution of sentence stayed and is placed on probation. Should that person violate the terms of his or her probation and probation be revoked and terminated, the court is required to order the previously imposed sentence into effect. (*People v. Howard* (1997) 16 Cal.4th 1081, 1088; *People v. Bolian* (2014) 231 Cal.App.4th 1415, 1420-1421.) If the violation of probation is the commission of a new offense, Penal Code section 2900.5, subdivision (b) comes into play. (See, e.g., *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1485; see generally *In re Joyner* (1989) 48 Cal.3d 487, 489.)

[4] The accrual of custody credits under Penal Code section 2900.5 begins when the individual is processed into a custodial situation, such as a juvenile detention facility described in subdivision (a) of the statute, and not merely when the individual is taken into the custody of police. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919-920; accord, *People v. Macklem* (2007) 149 Cal.App.4th 674, 702.) The record here shows Destiny's arrest and placement into custody at JJC occurred the same day.

5.

Thus, the alleged new offenses — which were the sole basis for her detention in JJC on April 8 and 9, 2014 — were unrelated either to her original offense or to the ultimate finding she violated the terms of her probationary grant for that offense.  They "[were] clearly and simply not for the same conduct for which [s]he had been [adjudged a ward of the court] and [committed to DJJ].  In the words of [Penal Code] section 2900.5, subdivision (b), that initial custody was not 'attributable to proceedings related to the same conduct for which the defendant has been convicted.'"  (*People v. Pruitt* (2008) 161 Cal.App.4th 637, 649; see *People v. Johnson*, *supra*, 150 Cal.App.4th at p. 1485; *People v. Huff* (1990) 223 Cal.App.3d 1100, 1104-1106.)  Accordingly, Destiny was not entitled to precommitment credit for April 8 and 9, 2014.  That those two days are therefore "'dead time,' that is, time spent in custody for which [s]he receives no benefit," is, under the circumstances of this case, "unavoidable."  (*In re Marquez* (2003) 30 Cal.4th 14, 20.)

Destiny was entitled to precommitment credit of 143 days for the time spent in custody prior to and including the July 8, 2013, disposition; 183 days for her time in custody at JJC from July 9, 2013, to and including the date of her release on January 7, 2014; and 111 days for her time spent in custody at JJC from April 10, 2014, to and including July 29, 2014, the date she was committed to DJJ.  The three periods of time total 437 days of actual precommitment credit.

## DISPOSITION

The July 29, 2014, disposition order is modified to reflect credit is to be given for 437 days already spent in confinement.  As so modified, the judgment is affirmed.  The juvenile court is ordered to cause to be prepared and filed an amended commitment order showing said modification, and to transmit a certified copy of same to the appropriate authorities.

6.