Filed 6/5/15  In re Rafael S. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re RAFAEL S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RAFAEL S., <br><br> Defendant and Appellant. | F070333 <br><br> (Super. Ct. No. JJD065389) <br><br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Franson, J. and Smith, J.

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *In re Kevin S.* (2003) 113 Cal.App.4th 97, 99, which extended *Wende* review to a minor's first appeal in a delinquency case. Having reviewed the record as required by those opinions and solicited supplemental briefing from the parties, we modify the award of credit for time served, but otherwise affirm.

## FACTS AND PROCEDURAL HISTORY

On December 8, 2011, Rafael S. was adjudged a ward of the court pursuant to Welfare and Institutions Code section 602[1], based on his commission of felony receiving stolen property (Pen. Code, § 496, subd. (a)) and misdemeanor receiving a stolen motor vehicle (*id*., § 496d, subd. (a)), battery upon an officer or emergency personnel (*id*., § 243, subd. (b)), and resisting or obstructing a peace officer (*id*., § 148, subd. (a)(1)). He was committed to the Tulare County Youth Facility (YF) and placed on probation.[2]

On April 10, 2012, Rafael was readjudged a ward of the court, based on his commission of misdemeanor battery. (Pen. Code, § 242.) He was committed to YF and placed on probation.

On May 9, 2013, Rafael was readjudged a ward of the court, based on his commission of robbery with the personal use of a weapon (Pen. Code, §§ 211, 12022, subd. (b)). He was committed to the Tulare County Youth Correctional Center Unit (YCCU) and ordered to comply with various terms and conditions of probation.

---

[1]   Further statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2]   A probation officer's report states this was Rafael's original juvenile court appearance, but also states he appeared on June 11, 2011, for a dispositional hearing on a charge of first degree burglary, whereupon he was readjudged a ward of the court, placed on probation, and committed to YF. However, the same report does not show a burglary charge (or any charge on or about June 2011) as part of Rafael's prior record. The discrepancy is irrelevant to this appeal.

On February 6, 2014, the Tulare County District Attorney filed a notice of violation of probation pursuant to section 777, alleging Rafael failed to obey all laws in that he drove a motor vehicle without the owner's permission, left the scene of an accident without complying with the requirements of Vehicle Code section 20002, subdivision (a), and damaged and destroyed a fence belonging to the vehicle's owner; admitted using alcohol; left home without his mother's permission; and removed his electronic monitor in violation of the Aftercare portion of his YCCU commitment. That same date, the probation officer filed a notice pursuant to section 777, alleging Rafael failed to abide by the terms and conditions of the Aftercare program, failed to attend school, removed his GPS monitor, and absconded from his residence.

On February 11, 2014, Rafael admitted the violations of probation with an agreement he would be committed to the long-term program at YCCU. The court found Rafael knowingly, intelligently, and voluntarily waived his rights, and that there was a factual basis for his admission. Pursuant to the parties' stipulation, the court then proceeded to disposition. The court determined the maximum aggregate time on previously sustained petitions was seven years 10 months, less 884 days credit for time served. It continued Rafael as a ward of the court, and placed him in the custody and under the supervision of the probation officer for out-of-home placement. The court ordered that all prior terms and conditions remain in effect, and committed Rafael to the long-term program for 240 to 365 days. Rafael subsequently was ordered to pay restitution.

On September 8, 2014, the court held a compliance review hearing. Rafael requested an early release date from YCCU, and the court ordered him released that same day on electronic monitoring for 30 days.

On September 22, 2014, the probation department filed a notice of violation of probation pursuant to section 777, alleging Rafael removed his GPS monitor and absconded from his residence on September 12, 2014; used alcohol on September 12

3.

and 14, 2014; and tested "presumptive positive" for marijuana and cocaine use on September 15, 2014. On September 23, 2014, a detention hearing was held. Rafael expressed a desire to admit the violation, but requested that the court dismiss his probation unsatisfactorily or, in the alternative, commit him to the long-term program. Rafael read a letter to the court. The court agreed to take Rafael's admission, but reserved disposition until it heard from the district attorney, probation officer, and defense counsel. The court found Rafael knowingly, intelligently, and voluntarily waived his rights, and that there was a factual basis for the plea.

On October 7, 2014, a disposition hearing was held. Through counsel, Rafael requested that he be released again on formal probation or, in the alternative given a "short-set review" to allow him to possibly be released early to begin attending college in January, for which he had already registered. The probation officer recommended that Rafael be readjudged a ward of the court and recommitted to YCCU. The People requested Rafael be placed in a custodial program. Rafael personally made a statement to the court and asked to be released on a suspended sentence, placed in Visalia Youth Services, and ordered to perform some community service hours.

The court set the maximum term of confinement at seven years 10 months, less 1,123 days of credit for time served. It continued Rafael as a ward of the court. It found (1) Rafael's welfare required that physical custody be removed from his parent or guardian, (2) Rafael had been on probation in custody of his parent or guardian and had failed to reform, and (3) reasonable efforts had been made to prevent or eliminate the need for removal. It committed Rafael to 240 to 365 days in the long-term program. However, it set the matter for a 90-day review, with the possibility Rafael could be released at that time. It also set the matter for October 6, 2015, for a probation termination review.

Rafael filed a timely notice of appeal.

## APPELLATE COURT REVIEW

Rafael's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436; *In re Kevin S.*, *supra*, 113 Cal.App.4th 97.) The opening brief also includes the declaration of appellate counsel, stating that Rafael could file his own brief with this court. By letter dated January 27, 2015, we invited Rafael to submit additional briefing. To date, he has not done so. However, we identified a reasonably arguable issue concerning whether Rafael's custody credits were properly calculated. We notified the parties accordingly and directed them to brief the issue. (Gov. Code, § 68081.)

## DISCUSSION

As shown by the statements of facts and procedural history, *ante*, Rafael has been in and out of custody on numerous occasions dating back to 2011. At the most recent disposition hearing (Oct. 7, 2014), Rafael was awarded 1,123 days of predisposition credit. Although not required to do so before raising the issue on appeal (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 350-352), his appellate counsel wrote the juvenile court, claiming the custody credits were miscalculated and asking the court to award 1,124 days of credit. Insofar as we know, the court never ruled on the request, and Rafael did not raise the issue in his opening brief.[3] We requested supplemental briefing, however, because it appeared to us, from the probation officer's report setting out Rafael's days in custody and calculating the credit to be awarded, that Rafael was awarded two days of credit on several occasions when, in reality, he only spent one day in custody. The Attorney General agreed and contended Rafael should only have been awarded 1,118 days of credit. We agree with the Attorney General's calculation.

---

**3**  It seems likely Rafael has been released from custody. However, neither party has claimed the issue is moot as a result.

5.

"If the minor is removed from the physical custody of his or her parent … as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense .…" (§ 726, subd. (d)(1).)  Physical confinement includes placement in juvenile hall (*In re J.M.* (2009) 170 Cal.App.4th 1253, 1256) and boot camp (see *In re Jose Z.* (2004) 116 Cal.App.4th 953, 956-957).  Generally speaking, Penal Code section 2900.5, subdivision (a) entitles an adult offender to credit against his or her term of imprisonment for "all days" he or she spent in custody prior to sentencing.  Although the statute deals with adults, not juveniles, the California Supreme Court has determined juveniles are entitled to credit for all days of actual precommitment confinement against the maximum period of confinement time, in order to comply with section 726's mandate.  (*In re Eric J.* (1979) 25 Cal.3d 522, 536; see *In re Randy J.* (1994) 22 Cal.App.4th 1497, 1503.)  When a juvenile court elects to aggregate a minor's period of physical confinement on multiple wardship petitions, the court must also aggregate the predisposition custody credits attributable to those petitions.  (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085-1086; see § 726, subd. (d)(3).)

The accrual of custody credits under Penal Code section 2900.5 begins when the individual is processed into a custodial situation, such as a juvenile detention facility described in subdivision (a) of the statute, and not merely when the individual is taken into the custody of police.  (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919-920; accord, *People v. Macklem* (2007) 149 Cal.App.4th 674, 702.)[4]  Because the statute speaks in terms of "days" and not "hours," any partial day is treated as a whole day.  Accordingly, a sentencing court is required to award presentence credit for the day of

---

[4]     Nothing in the record on appeal suggests the dates of any of Rafael's arrests and processing into the juvenile detention facility were different.

6.

sentencing, where the defendant has remained in custody between conviction and sentencing. (*People v. Smith* (1989) 211 Cal.App.3d 523, 526.) It appears this rule is also applicable to juvenile proceedings (see *In re Antwon R.*, *supra*, 87 Cal.App.4th at p. 352); hence, a minor must be awarded credit for the day of disposition if he or she is in custody on that day.

In Rafael's case, the probation officer's report shows several occasions on which Rafael transitioned between the Tulare County Juvenile Detention Facility (JDF) and YF or Aftercare. The probation officer calculated the date of "release" from one facility or Aftercare and the date of "booking" into the other facility or Aftercare as two separate days, despite the fact Rafael merely transitioned between custodial programs within the county's physical and legal jurisdiction. It appears the juvenile court followed this calculation in awarding credits. In our view, only one day should have been credited against Rafael's maximum period of confinement in those instances, because he was never actually released or, for example, given over into the physical custody of the state or some other noncounty entity.

Rafael argues that because the term "day" is statutorily defined as "the period of time between any midnight and the midnight following" rather than as 24 hours (Gov. Code, § 6806), the law normally views a fraction of a day as a full day (*In re Jackson* (1986) 182 Cal.App.3d 439, 442-443), and any partial day is treated as a full day (*id.* at p. 442; *People v. Smith*, *supra*, 211 Cal.App.3d at p. 526), he was entitled to both days of credit on each such occasion. We disagree. Penal Code section 2900.5, subdivision (a) states, in pertinent part, that "when the defendant has been in custody, … all *days* of custody of the defendant, … shall be credited upon his or her term of imprisonment …." (Italics added.) In the present case, Rafael received *two* days of credit for *one* day spent in custody on the occasions at issue. He received the benefits to which he was entitled under the legal authorities he cites when he was awarded credit for the dates he was

7.

initially out of custody but was then booked into custody, and for the dates he spent part of the day in custody and was then released from custody altogether.

Calculated correctly, Rafael's dates of actual physical confinement (as shown by the probation officer's report and not disputed by either party), and the number of days for which he was entitled to credit, are as follows:

| DATE BOOKED | DATE RELEASED | DAYS IN CUSTODY |
|---|---|---|
| 4/4/11 | 4/5/11 | 2 |
| 4/19/11 | 4/27/11 | 9 |
| 5/23/11 | 5/27/11 | 5 |
| 6/18/11 | 7/14/11 | 27 |
| 8/23/11 | 2/1/13 | 529 |
| 4/8/13 | 9/12/14 | 523 |
| 9/15/14 | 10/7/14 | 23 |

Adding the number of days together shows Rafael was in actual physical custody for a total of 1,118 days. He is entitled to predisposition credit in that amount.

## DISPOSITION

The October 7, 2014, disposition order and "**CUSTODIAL AND OUT OF HOME PLACEMENT DISPOSITION ATTACHMENT**" are modified to reflect that Rafael's maximum period of confinement is 7 years 10 months less 1,118 days credit for time served. As so modified, the judgment is affirmed. The juvenile court is ordered to cause to be prepared and filed an amended disposition order and attachment and, if Rafael is still in the physical custody of a county juvenile facility, to transmit a certified copy of same to the appropriate authority.