Filed 5/9/16  In re Steven A. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re STEVEN A., a Person Coming Under the Juvenile Court Law. | B264884 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN A.,<br><br>    Defendant and Appellant. | (Los Angeles County<br>Super. Ct. No. NJ27187) |

APPEAL from an order of the Superior Court of Los Angeles County, John H. Ing, Judge.  Affirmed as modified.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kama D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General and Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.

_____

After a petition was sustained in juvenile court, and Steven A. ordered to camp placement, Steven A. appealed the judgment, asserting that he had been awarded insufficient pre-disposition custody credits. While the People concede that the award of custody credits was in error, they dispute appellant's calculation. Finding the record supports appellant's calculation, we order the disposition modified to reflect total pre-disposition custody credits of 192 days, and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts concerning the petition filed against Steven A. are not in dispute. However, the prior adjudications are relevant to our determination, and we summarize them briefly.

A Welfare and Institutions Code section 602 petition was filed on February 7, 2013, asserting that appellant had violated Penal Code sections 626.9, subd. (b), 29610, (Counts One and Two, felonies), and Penal Code section 29650, (Count Three, a misdemeanor). Appellant was ordered detained on February 8, 2013, and the court found Count One true on March 4, 2013. The court dismissed the remaining counts, and ordered appellant placed in camp, with a maximum confinement term of five years and 28 days of pre-disposition custody credits.

A second petition was filed on April 28, 2015, alleging a violation of Penal Code section 459, a felony. Appellant was released on electronic monitoring, but was found in violation of that program and detained on May 11, 2015. After the adjudication hearing, the court ordered appellant to camp placement with a maximum term of confinement of five years and eight months, aggregating the terms imposed for the initial petition and the new petition; the court awarded 38 days of pre-disposition custody credits. Steven appealed the judgment.

## DISCUSSION

Steven argues, and the People concede, that he is entitled to credits for time spent in custody relating to both offenses. We agree. (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1231-1233 [credit for all custody must be given where multiple petitions are aggregated for term of physical confinement]; *In re Emilio C.* (2004) 116 Cal.App.4th

2

1058, 1067 [juvenile entitled to credits for time spent in custody on all aggregated petitions].)

Both parties also agree that Steven is entitled to credits from the date of his arrest (February 5, 2013) until his release from his camp placement on the first petition, and an additional 38 days in connection with the current petition. Steven asserts that he was not released from camp placement until July 8, 2013, but the People assert he was released on June 11, 2013.

While the probation report prepared for the current petition notes the June 11 date, the July 8, 2013 order contained in the juvenile court's file explicitly terminated the camp placement ordered on March 4, 2013, and ordered Steven placed home of mother.[1] Steven is, as a result, entitled to 154 days of pre-disposition custody credits on the initial petition, for a total of 192 days. We order the dispositional order corrected to reflect that total. (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 350-353.)

## DISPOSITION

The June 9, 2015 commitment order is modified to reflect 192 days of pre-dispositional custody credits, with an amended order to be sent to the Division of Juvenile Justice. In all other respects, the order of the juvenile court is affirmed.


ZELON, J.

We concur:


PERLUSS, P. J.                    BLUMENFELD, J.[*]

---

[1]     The record submitted by the parties did not contain the July 8, 2013 order, but this Court has, on its own motion, ordered the record augmented to include that order.

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3