Filed 6/7/22 P. v. Phomvilay CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>VONG PHOMVILAY,<br><br>　　　Defendant and Appellant. | F082396<br><br>(Super. Ct. No. 15CR-06561)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County. Ronald W. Hansen, Judge.[†]

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P. J., Franson, J. and Peña, J.

[†]Retired Judge of the Merced Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Defendant Vong Phomvilay previously appealed his convictions of second degree murder (count 1), attempted murder (count 2), and unlawful possession of a firearm (count 3). Our court reversed the attempted murder and unlawful possession of a firearm convictions and remanded for resentencing. This is an appeal from the resentencing hearing held in February 2021.

At resentencing, defendant was resentenced on count 1 and the court reimposed the same court security fee and criminal conviction assessment fee previously imposed. The abstract of judgment from the resentencing hearing also lists the same amount of credit for time served calculated at the original sentence hearing (932 days of actual time).

On appeal, defendant contends the court erred in imposing the same fees previously imposed because he is now only convicted of one charge. He also contends the abstract of judgment must be amended to reflect his updated custody credits. The People concede the abstract of judgment must be amended to update the fees and they ask us to remand to the trial court for recalculation of defendant's custody credits.

We agree with the parties and remand for the court to recalculate defendant's custody credits at the time of the resentencing hearing and to prepare an amended abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant of murder of one victim (count 1), attempted murder of another victim (count 2), and unlawful possession of a firearm (count 3). The jury also found true an enhancement allegation to the murder charge that defendant personally and intentionally discharged a firearm causing great bodily injury or death in violation of Penal Code section 12022.53, subdivision (d).

On September 8, 2017, the court sentenced defendant to a total term of 49 years to life. The minute order from that hearing reflects the court imposed a court security fee of

2.

$120 pursuant to Penal Code 1465.8 and a criminal conviction assessment fee of $90.[1] At the original sentencing hearing on September 8, 2017, the court stated defendant was entitled to credits of 932 days. The abstract of judgment for the determinate term from that hearing also reflects 932 days of custody credit.

In his previous appeal (*People v. Phomvilay* (June 25, 2020, F076279) [nonpub. opn.] (*Phomvilay I*)), defendant challenged the judgment on multiple grounds, arguing, in part, his convictions for attempted murder and unlawful possession of a firearm should be reversed because they were time-barred by the applicable statutes of limitations. We agreed with defendant his convictions for attempted murder (count 2) and unlawful possession of a firearm (count 3) had to be reversed because they were time-barred and remanded for the trial court to hold a new sentencing hearing. In all other respects, we affirmed the judgment.

Thereafter, defendant filed a motion for rehearing, asking us to remand for a resentencing hearing to allow the trial court to exercise its newly granted discretion to strike the imposed firearm enhancement based on the passage of Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620). We noted the matter had already been remanded for resentencing, so defendant could raise his request below. On remand, defendant filed a resentencing memorandum in the trial court asking the court to exercise its newfound discretion pursuant to Senate Bill 620 to strike the firearm enhancement in his case.

The court held a resentencing hearing on February 11, 2021, during which it considered its newfound discretion as to whether or not to strike or modify defendant's firearm enhancement (Pen. Code, § 12022.53, subd. (d)). The court acknowledged it

---

[1]In the reporter's transcript from the original sentencing hearing the court appears to have imposed a $20 criminal conviction assessment under Penal Code section 1465.8, although the minute order reflects a $120 assessment. The parties do not appear to dispute the court imposed the $120 amount.

could "impose the maximum, which is an additional 25 to life, or some lesser firearms enhancement under the ratchet-down approach under 12022.53(b), -(c), or 12022.5." After considering the factors in aggravation, "the circumstances relating to the shooting, and the [defendant's] willingness to impose great violence and harm in an ambush situation," the court determined the 25 year-to-life sentence for the firearm enhancement would stand. Accordingly, the court affirmed the previous sentence of 40 years to life on count 1—15 years to life for the violation of Penal Code 187 and 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)). The court also ordered that the minute order reflect counts 2 and 3 were dismissed, thus, no determinate term should be listed on those counts.

The minute order stated counts 2 and 3 were reversed and dismissed by our court and "no further order needs to be made" as to those counts. It further directed the clerk to strike the previously filed determinate abstract of judgment as to counts 2 and 3. The minute order from the resentencing hearing lists defendant's conduct credit as 932 days. It also lists defendant's imposed financial obligations, including a $40 court security assessment fee pursuant to Penal Code section 1465.8 and a $30 misdemeanor/felony conviction assessment fee.

The new abstract of judgment issued after the resentencing hearing reflects defendant's credit for time served as 932 days. It lists the court security fee imposed pursuant to Penal Code section 1465.8 as $120 and a criminal conviction assessment imposed pursuant to Government Code section 70373 as $90.

**DISCUSSION**

In two issues on appeal, defendant argues the abstract of judgment should be amended to update the court security fee and criminal conviction assessment and to reflect the correct calculation of his custody credits at the time of resentencing. The People concede the abstract of judgment must be modified and they assert the matter should be remanded for the trial court to calculate the correct amount of custody credit.

4.

# I. Criminal Conviction Assessment and Court Security Fee Must Be Amended

The new abstract of judgment after resentencing reflects a criminal conviction assessment (Gov. Code, § 70373) of $90 and a court security fee (Pen. Code, § 1465.8) of $120, the same amounts the court had imposed at the original sentencing hearing before we reversed two of defendant's convictions. Defendant contends the trial court erred in failing to reduce these fees to account for the convictions that were reversed. The People agree the abstract of judgment must be amended to reduce these imposed fees in light of the reversal of two of defendant's convictions. We, too, agree.

At the time defendant was originally sentenced, Penal Code section 1465.8, subdivision (a)(1), required the imposition of a fee of $40 for every conviction for a criminal offense (subject to certain exceptions not applicable here) to assist in funding court operations. Government Code section 70373, subdivision (a)(1) also required the imposition of a fee of $30 for every conviction for a criminal offense (subject to certain exceptions not applicable here), to ensure and maintain adequate funding for court facilities.

Accordingly, the court originally imposed assessments in the amount of $120 pursuant to Penal Code section 1465.8, subdivision (a)(1), and $90 pursuant to Government Code section 70373, based on defendant's original three convictions. In *Phomvilay I*, however, we reversed two of those convictions. Thus, the imposed criminal conviction assessment and court security fee should have been reduced after defendant was resentenced to account for the fact defendant has only sustained one conviction.

We therefore order the criminal conviction assessment fee reduced to $40 and the court security fee reduced to $30 based on defendant's sole conviction. (See *People v. Scott* (1994) 9 Cal.4th 331, 354–355 [a sentence that "could not lawfully be imposed under any circumstance in the particular case" constitutes an unauthorized sentence and a nonwaivable error that may be corrected on appeal]; *People v. Smith* (2001) 24 Cal.4th 849, 852 [unauthorized sentences are "not waivable" because they present "'"pure

5.

questions of law,'" which are ""'clear and correctable'"" without regard to factual issues presented at sentencing, and they do not require remand for further factual findings].)

## II. Custody Credit

Defendant next asserts the new abstract of judgment that issued after the resentencing hearing held in 2021 reflects the same amount of custody credit awarded at the initial sentencing hearing held in 2017. He contends the trial court erred in failing to update his credit for actual time served on the abstract of judgment following the resentencing hearing. He asserts the probation report reflects he was originally arrested on March 27, 2000, and he served 339 days until his release on February 28, 2001, and then he was arrested again on December 7, 2015, and has been in custody since then. Accordingly, he calculates his actual custody credit to be 2,233 days as of the date of resentencing. The People agree defendant's custody credit should be updated on the new abstract of judgment and they assert the case should be sent back for the trial court to recalculate defendant's custody credits.

Penal Code section 2900.5 provides for the application of custody credit to a defendant's term of imprisonment: "In all felony … convictions, … when the defendant has been in custody, … all days of custody of the defendant … shall be credited upon his or her term of imprisonment …." (*Id*., subd. (a).) And the California Supreme Court has held, "When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.)

We agree with the parties the abstract of judgment must be corrected to reflect defendant's custody credit at the time of resentencing. Here, the probation report reflects defendant was in custody from March 27, 2000, to February 28, 2001, for a period of 339 days, and then from December 7, 2015, to July 21, 2017, for a period of 593 days,

6.

totaling 932 days of custody as of July 21, 2017. At the initial sentencing hearing held on September 8, 2017, the court awarded defendant 932 days of custody credits. Defendant asserts "[t]he probation officer calculated time served (932 days) up to July 21, 2017," but defendant was not sentenced until September 8, 2017. He alleges the "number of days served as of September 8, 2017, should have been 981 days (339 + 642) rather than 932 (339 + 593)." The People do not expressly agree or disagree with defendant's contentions, but rather argue a remand is proper for the trial court to calculate the applicable custody credit as of the date of resentencing.

In light of the alleged discrepancy with regard to the calculation of custody credits at defendant's original sentencing hearing and the lack of affirmative evidence verifying defendant's custody status from the time of his arrest until the date of the resentencing hearing, we conclude a remand is appropriate for the trial court to verify the dates defendant was in custody. (See *In re Antwon R.* (2001) 87 Cal.App.4th 348, 353 [remand appropriate for trial court to calculate custody credit where record does not provide enough information to calculate credit on appeal].) Accordingly, we remand the matter for the court to recalculate the correct amount of custody credit and to issue an updated abstract of judgment reflecting this change.

## DISPOSITION

The matter is remanded for a recalculation of defendant's custody credit as of the date of the resentencing hearing and the preparation of an amended abstract of judgment reflecting such credit. In addition, the trial court is directed to update the abstract of judgment to reflect a court security fee in the amount of $40 and a criminal conviction assessment fee in the amount of $30 and to forward the new abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.